UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JAMES WILLIAM BOLAR,
          *Defendant-Appellant.*

No. 02-4410

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., Chief District Judge.
(CR-98-662-JFA)

Submitted: November 14, 2002

Decided: December 10, 2002

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Amy E. Ray, Asheville, North Carolina, for Appellant. Jane Barrett Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James William Bolar pled guilty in 1999 to distributing a quantity of cocaine base, or crack, in violation of 21 U.S.C. § 841(a) (2000). He was sentenced as a career offender to a term of 280 months imprisonment. *U.S. Sentencing Guidelines Manual* § 4B1.1 (2001). In Bolar's first appeal, we vacated his sentence in part and remanded for resentencing under *Apprendi v. United States*, 530 U.S. 466 (2000). On remand, the district court determined that the statutory maximum sentence was 240 months and granted the government's motion to reduce the sentence for substantial assistance under Rule 35(b) of the Federal Rules of Criminal Procedure. The court reduced Bolar's sentence by the equivalent of three offense levels and imposed a sentence of 151 months, the bottom of the resulting guideline range.

Bolar's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising three issues, but asserting that in her view there are no meritorious issues for appeal. Bolar's appellate counsel questions (1) the career offender sentence, (2) the district court's decision to depart downward by no more than three levels, and (3) the prior attorney's failure to argue that the extent and quality of his cooperation and assistance to the government merited a greater sentence reduction. Bolar has been informed of his right to file a pro se supplemental brief, but he has not filed a brief. We affirm the conviction and sentence.

With respect to the career offender sentence, Bolar has not previously disputed his career offender status and the issue was not within the scope of our remand. *United States v. Bell*, 5 F.3d 64, 66-67 (4th Cir. 1993) (mandate rule forecloses litigation foregone on appeal or otherwise waived). We find no error in the district court's failure to reconsider this aspect of the sentence.

A defendant may not appeal the extent of a downward departure unless the departure decision resulted in a sentence imposed in violation of law or resulted in an incorrect application of the sentencing guidelines. *United States v. Hill*, 70 F.3d 321, 324-25 (4th Cir. 1995). We discern no such error in the district court's departure in this case.

Finally, Bolar claims, in effect, that his attorney was ineffective. Claims of ineffective assistance of counsel generally should be raised in a motion under 28 U.S.C. § 2255 (2000), unless the record demonstrates conclusively that counsel provided ineffective representation. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999). Here, the nature of Bolar's assistance was explained by both the government and his prior attorney at resentencing. The record does not conclusively establish that Bolar's attorney rendered ineffective assistance in this respect or any other.

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*